EL PUEBLO DE PUERTO RICO, demandante y apelante, *v.* JUAN CANALS, acusado y apelado.

No. 5631.—*Sometido:* Mayo 8, 1935. *Resuelto:* Julio 1, 1935.

*R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelante; *E. Pérez Casalduc,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La acusación, base de esta causa, en lo pertinente, dice:

"El fiscal formula acusación contra Juan Canals, por el delito de Abuso de Confianza (*felony*) cometido de la manera siguiente:

"El referido acusado, Juan Canals, durante el período compren-

dido entre el 19 de enero y el 22 de diciembre del año 1931 y en Arecibo, P. R., que forma parte del distrito judicial del mismo nombre, mientras ocupaba el cargo de Director Cajero de la Sucursal de Arecibo del Banco Territorial y Agrícola de Puerto Rico—que es una corporación bancaria organizada de acuerdo con las leyes de Puerto Rico, con su oficina central en San Juan, P. R.—y siendo, como tal Director-Cajero, administrador de dicha sucursal y depositario y encargado de todos los caudales, valores, documentos, libros de contabilidad y dinero en efectivo pertenecientes a la misma, confiados a su custodia, ilegal, voluntaria, maliciosa, y fraudulentamente, abusando de las facultades concedídasle y de la confianza en él depositada por su patrono, el Banco Territorial y Agrícola de Puerto Rico —de cuya oficina central tenía el acusado, Juan Canals, como Director-Cajero de la Sucursal de Arecibo, orden expresa y terminante de no autorizar sobregiros en cuentas corrientes sino 'sólo por cantidades limitadas y muy ocasionales, debiendo ser cubiertos por los sobregiradores dentro del menor espacio de tiempo posible,' y de rendir a dicha oficina central, diariamente, un informe detallado de todos los sobregiros en cuentas corrientes en la sucursal a su cargo y la cuantía de cada uno de ellos—distrajo y empleó para fines ajenos al debido y legítimo cumplimiento de su encargo como tal Director-Cajero la suma de $4,617.25, de los fondos confiados a su custodia, lo que hizo el acusado al autorizar, como autorizó, y permitir el pago de cheques librados contra las cuentas corrientes de Dominica Chaves Estrada, Felipe A. García y Cosme & Miranda, hasta las cantidades de $2,848.79, $1,156.82 y 611.64, respectivamente, sin tener ninguna de dichas cuentas corrientes fondo alguno en depósito, lo que ocasionó un total de sobregiros en la sección de cuentas corrientes de la Sucursal de Arecibo del Banco Territorial y Agrícola de Puerto Rico, por la antes mencionada suma de $4,617.25, cuyos sobregiros autorizó el acusado, Juan Canals, como Director-Cajero, sin el conocimiento ni consentimiento de su oficina central y en contravención de las órdenes que tenía de ésta en relación con los sobregiros en cuentas corrientes a que se hace referencia al principio de esta acusación, ocultando los mismos, a sabiendas y maliciosa y fraudulentamente, en todo momento, de los inspectores del banco, y no incluyéndolos ni dando cuenta de ellos en los informes de sobregiros en cuentas corrientes que rendía diariamente a su oficina central. Alega, además, el fiscal, que a consecuencia del acto ilegal y fraudulento que realizara el acusado, Juan Canals, el Banco Territorial y Agrícola de Puerto Rico quedó defraudado en la antes mencionada suma de $4,617.25.''

El acusado por vía de excepción perentoria alegó:

"Primero: que los hechos, tal como aparecen alegados en la acusación no constituyen delito público.

"Segundo: Que la acusación imputa más de un delito.

"Tercero: Que la acusación no se ajusta, en su fondo, a los requisitos establecidos por los artículos 71 y 75 del Código de Enjuiciamiento Criminal, porque no aparece redactada en lenguaje conciso; porque, además, no se precisa la fecha en que se cometió el hecho delictivo, y también porque el acusado no sabe a pesar de que se le acusa de un delito de abuso de confianza de qué delito debe defenderse.

"Cuarto: Que la acusación contiene materia que, de ser cierta, constituye una justificación o excusa legal del delito denunciado o excepción legal que excluye la acción."

Y la corte resolvió las cuestiones suscitadas como sigue:

"La acusación, apreciada en conjunto, no contiene todos los elementos esenciales del delito de abuso de confianza, pues no aparece en ninguna parte de ella que el acusado al pagar cheques sobregirados se beneficiara en alguna forma del importe de ellos o se apropiara de las cantidades objeto de dichos sobregiros.

"En la ley número 18 de 1923 existe la sección 17, en el título cuarto. En esa sección se hacen penables ciertos actos cometidos por funcionarios encargados de corporaciones bancarias y se distingue en primer término el delito de abuso de confianza; después, el de sustracción; más adelante, el de mala aplicación intencional y, por último, el de entradas falsas en los libros de los Bancos.

"Puede ser que los hechos relatados en esta acusación sean aplicables a aquella parte de la sección 17 referente a la mala aplicación intencional de fondos de un Banco por funcionarios encargados de los mismos; pero la Corte encuentra que la acusación nunca sería clara y que tal como está redactada no acusa con propiedad de un delito de abuso de confianza.

"Por las expuestas razones, la Corte desestima la acusación sin perjuicio de que el fiscal pueda presentar una nueva acusación contra el mismo acusado por cualquier otro delito comprendido con más claridad dentro de los hechos expuestos en la que ha sido objeto de esta resolución."

Apeló el Pueblo por su fiscal y sometió el caso por el

alegato presentado en el recurso No. 5630 que acabamos de resolver.

El acusado no presentó aquí moción de desestimación y expresamente descarta en su alegato la cuestión de duplicidad no obstante imputarse como se imputan en la acusación varias aplicaciones intencionales indebidas de los fondos del banco por parte del acusado actuando como Director-Cajero de su Sucursal en Arecibo. Parece que la corte de distrito entendió y que ahora el acusado entiende que no hay duplicidad. Ese criterio está en armonía con cuanto dejamos dicho en la opinión emitida en el recurso No. 5630.

La resolución recurrida se basa en que los hechos que la acusación contiene no imputan un delito de abuso de confianza ni tampoco claramente una infracción de la sección 17 de la Ley de Bancos en lo que se refiere a mala aplicación intencional de fondos.

Los argumentos del acusado en su alegato tienden a apoyar el criterio de la corte sentenciadora y ponen énfasis en su contención de que la propia acusación contiene materia que de ser cierta constituiría una justificación o excusa legal del delito denunciado.

La ley que rige es la No. 18 de 1923 ((2) pág. 83), sección 17. Por ella se dispone que será culpable de delito grave (*felony*) y será reducida a prisión por no menos de uno ni más de diez años todo presidente, director, oficial, cajero, oficinista, empleado o agente de un banco que intencionalmente hiciere indebida aplicación de dinero, fondos o créditos del banco o existentes en el mismo, y a nuestro juicio constituye una clara aplicación intencional indebida de los fondos del banco o existentes en el mismo la que en este caso se imputa al acusado, ya que se alega en substancia que el acusado siendo Director-Cajero de una sucursal de un banco, administrador de dicha sucursal y depositario y encargado de sus fondos y de los confiados a su custodia, ilegal, voluntaria, maliciosa y fraudulentamente, abusando de la confianza y en contra de las órdenes expresas de su patrono, distrajo

y empleó dichos fondos para fines ajenos al debido y legítimo cumplimiento de su encargo, autorizando y permitiendo que cheques por valor de más de cuatro mil dólares librados contra cuentas sin fondos fueran hechos efectivos, quedando el banco defraudado en la indicada suma.

Y en cuanto a la excusa legal, no surge a nuestro juicio de la acusación. La acusación es explícita. Habla de la autorización concedida al acusado en cuanto a sobregiros pero dice que lo fué por cantidades limitadas y muy ocasionales, debiendo cubrirse lo más pronto posible. La magnitud de los sobregiros y el hecho de su ocultación maliciosa, sistemática y completa por parte del acusado, destruyen cualquier excusa que pudiera fundarse en la autorización.

Por virtud de todo lo expuesto y además por los fundamentos de la opinión emitida en el recurso No. 5630 decidido en el día de hoy, *debe revocarse la resolución apelada y declararse sin lugar la excepción perentoria del acusado* con permiso al fiscal para enmendar la acusación sustituyendo el nombre de abuso de confianza dado al delito por el de infracción a la sección 17 de la Ley No. 18 de 1923 reglamentando los bancos y las operaciones bancarias en Puerto Rico.